■ In the Matter of the Estate of MAX BOGOM, Deceased.— Order unanimously affirmed with costs. Memorandum: We agree with the decision and order of the Surrogate and affirm essentially for reasons stated therein. We add only that there is no merit to petitioner's argument that the settlement stipulation must be set aside because the attorneys involved did not record their authorizations to act as required under EPTL 13-2.3. In our view, inasmuch as no power of attorney was either created by, or required from, the petitioner, the provisions of EPTL 13-2.3 are inapplicable in this case. "An attorney retained in an action has implied authority, by virtue of his retainer, to do what may be necessary to advance his client's interest" *(Matter of Locke,* 21 AD2d 248, 252, *lv denied* 15 NY2d 482). The general power conferred upon attorneys-at-law must be distinguished from the powers conferred on an attorney-in-fact via a power of attorney *(see,* 2 NY Jur 2d, Agency, § 61). Insofar as "EPTL 13-2.3 applies only to proceedings in the Surrogate's Court and the distribution of estate assets through powers of attorneys" (9D Rohan, NY Civ Prac ¶ 13-2.3 [3] [1991 Supp]; *see, Lorisa Capital Corp. v Gallo,* 119 AD2d 99, 106), the section is inapplicable where, as here, there has been no distribution of estate assets through a power of attorney. Petitioner's counsel stipulated to a settlement. He did not convey any of petitioner's interest in the estate. He merely agreed that petitioner would do so. In other words, if petitioner's attorney had actually distributed some of

the estate's assets (e.g., executed a deed), a power of attorney would have been required and the safeguards of EPTL 13-2.3 applicable. In this case, however, to the extent that petitioner's attorney was merely exercising that authority inherent in any attorney-client relationship, his actions are binding and beyond the scope of EPTL 13-2.3. (Appeal from Order of Erie County Surrogate's Court, Mattina, S.—Enforce Stipulation.) Present—Denman, P. J., Boomer, Green, Balio and Doerr, JJ.